UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SCOTT D. MCCARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:10-cv-00202-TAB-LJM |
| | ) | |
| MATTHEW P. BUSS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

At a June 29, 2010, initial pretrial conference, the Court questioned whether venue of this diversity action in this district is proper. Given that the accident precipitating this lawsuit occurred in the Northern District of Indiana, Plaintiff is a resident of Ohio, and Defendant is a resident of Kentucky [Docket No. 11], there is no nexus to the Southern District of Indiana. The parties were ordered to show cause within 30 days why venue is proper in this district. In response, Defendant filed a motion to transfer venue to the Western District of Kentucky, Louisville Division [Docket No. 12], and Plaintiff filed a motion to transfer venue to the Northern District of Indiana, Fort Wayne Division. [Docket No. 15.]

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It would be in the interest of justice to transfer this case, rather than dismiss it, as dismissal may risk Plaintiff's ability to proceed with this lawsuit.

There are two districts where venue is proper: the Western District of Kentucky, where Defendant resides, and the Northern District of Indiana, where the accident happened.

Defendant asserts that the Western District of Kentucky, Louisville Division, is a more convenient location for each party, due to the closer proximity of counsel's offices and the fact that Defendant has accepted responsibility for the accident.  [Docket No. 12.]  Plaintiff contends the Northern District of Indiana, Fort Wayne Division, is more appropriate because the accident occurred near Fort Wayne; Louisville would be too far for the investigating officers to travel; and it would be easier for an Indiana court to apply Indiana law rather than a Kentucky court to apply Indiana law.  [Docket No. 15.]

Although a close case, the Western District of Kentucky appears to be the more convenient forum.  The distance is not much of a burden on Plaintiff, who lives in Franklin, Ohio [Docket No. 1]—around 150 miles from Louisville and 120 miles from Fort Wayne.  Similarly, Plaintiff's counsel is located in Batesville, Indiana—nearly 100 miles from Louisville and 160 miles from Fort Wayne.  [*Id.*]  Further, because Defendant admitted liability,[1] the only issue left to litigate is damages, which may well eliminate the need for the investigating officers to testify. Finally, as is true for all jurisdictions, the Western District of Kentucky is quite capable of applying Indiana law.

Thus, the Court grants Defendant's motion to transfer venue to the Western District of Kentucky [Docket No. 12] and denies Plaintiff's motion to transfer venue to the Northern District of Indiana, Fort Wayne Division.  [Docket No. 15.]  The Clerk is directed to transfer this

---

[1]  Strangely, Plaintiff disputes Defendant's contention he accepted responsibility. [Docket No. 15 at 1–2.]  However, Defendant stipulated to liability within the Case Management Plan approved by this Court.  [Docket No. 11 at 2; Docket No. 14]

action to the Western District of Kentucky, Louisville Division.

      Dated:  08/19/2010

                        Tim A. Baker
                        United States Magistrate Judge
                        Southern District of Indiana

Copies to:

Marc L. Breit
BREIT LAW OFFICE
marc@breitlaw.com

John P. Schuerman
THE SCHUERMAN LAW FIRM
jschuerman@schuermanlaw.com